Filed 8/16/16  In re Pablo N. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> PABLO N., <br><br> Defendant and Appellant. | F072776 <br><br> (Super. Ct. No. JJD066609) <br><br> **OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Hugo J. Loza, Judge.

Jennifer Mouzis, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Gomes, Acting P.J., Kane, J. and Smith, J.

The court sustained allegations in a petition (Welf. & Inst. Code, § 602) charging appellant Pablo N. with carrying a loaded firearm in public (count 1/Pen. Code, § 25850)[1], a misdemeanor, carrying a concealed firearm (count 2/§ 25400, subd. (a)), a misdemeanor, and possession of a firearm in a school zone (count 3/§ 626.9), a felony. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On October 9, 2015, R.G. was at a football game at Woodlake High School, sitting in the second row from the top of the bleachers, when she noticed the smell of marijuana. She also saw someone who had been sitting in the top row of the bleachers walk over and say something to a police officer. A short time later, R.G. looked behind the bleachers and saw three people running, including one who wore a dark shirt and dark pants. As the person dressed in dark clothing ran towards the bleachers, he lifted his shirt and pulled out a handgun from his waistband.

Woodlake Police Officer Carl Santos was on duty at the football game when another officer informed him of a report that several subjects were smoking marijuana on the east end of the football field. Officer Santos went to the indicated location and saw four to five subjects who then began walking away from him. Santos searched the area and found a longboard, a bottle of Malibu rum, and a plastic baggie that contained what appeared to be marijuana residue. In some bushes in a planter, he found a loaded semiautomatic handgun with a clip attached to it.

As Officer Santos searched the area, R.G. approached him. After taking a statement from R.G., Santos was informed by several spectators in the bleachers that two of the subjects had run into the boys' locker room. Officer Santos and other officers searched the locker room, located appellant and another male, and detained them. Santos

---

[1]    All further statutory references are to the Penal Code.

then brought R.G. to the location and conducted an infield showup. R.G. unequivocally identified appellant as the person that she had seen earlier pulling a handgun from his waist band. Officer Santos conducted the infield showup within 15 minutes of when R.G. approached him.

On October 14, 2015, the district attorney filed a petition charging appellant with the three charges that the court sustained.

On November 4, 2015, the court held a jurisdictional hearing on the petition.

On November 18, 2015, the court aggregated time from a prior petition and set appellant's maximum term of confinement at five years eight months consisting of the aggravated term of five years on count 3, stayed terms on counts 1 and 2, and an eight-month term on a prior adjudication for arson (§ 451, subd. (d)). It also committed appellant to the Tulare County Mid Term Program for a maximum term of one year.

Appellant's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.